CLERK'S OFFICE U.S. DIST. COURT

FEB 2 9 2012

JULIA _____ CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES FREDRICK BROWNE,** | ) | **CASE NO. 7:12CV00061** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **RAE ROGERS, ET AL.,** | ) | **By:  Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Defendant(s).** | ) | |

James Fredrick Browne, a Virginia inmate at the Middle River Regional Jail who is proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1]  His complaint alleges that the defendant Rae Rogers, a magistrate in Page County, Virginia, violated his due process rights by refusing to allow criminal complaints filed by Browne to go forward or to issue a protective order.  After a review of Browne's complaint, the court summarily dismisses this action as legally frivolous.

I

Browne alleges the following sparse facts on his § 1983 form.  Browne filed several criminal complaints "about a woman who threatened [Browne] and [his] family[.] This same woman even asked [Browne] to help her kill 2 people.  Magistrat[e] Rae Rogers denied these claims."  The magistrate wrote on the back of the criminal complaints that "Virginia does not recognize this as a valid threat."  On another one of Browne's complaints, the magistrate wrote: "Threate[n]ing you has been addressed and denied twice previously.  If she is threat[en]ing you stop talking to her."  The magistrate told jail staff that "if [Browne] filed any more criminal complaints that they would have to go thr[ough] her."  Rogers refused to grant a protective order.

---

[1]  When Browne filed his § 1983 action, he was detained at the Page County Jail, but has since been transferred to the Middle River facility.

Browne complains that "nothing has been done to even look into the claims I made."  Browne also complains that his multiple requests for a video conference with the magistrate have been denied.  Browne lists as defendants:  Magistrate Rae Rogers, Page County, Commonwealth of Virginia, and magistrate's office (which the court identifies as the Page County Magistrate's Office).  Browne seeks his "due process rights" (which the court construes as a request for injunctive relief) and monetary damages based on the threat to him and his family.

II

To state a § 1983 claim, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under the color of state law.  West v. Adkins, 487 U.S. 42 (1988).  A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Browne's allegations fail to state actionable § 1983 claims against Page County, the Commonwealth, or the Page County Magistrate's Office, because these entities do not qualify as persons subject to suit under § 1983.  See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978) (finding municipality or department of a municipality is only "person" subject to suit under § 1983 if alleged unconstitutional action puts into effect the municipality's policy or custom).  Therefore, the court must dismiss Browne's claims against the Commonwealth, Page County, and the Page County Magistrate's Office, pursuant to § 1915A(b)(1), as legally frivolous.

Browne's allegations also fail to state any claim against the magistrate, Rae Rogers.  It is well-established that judges are absolutely immune from liability for damages arising out of their judicial actions.  Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. 335 (1871).  "Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges."  King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992).

Browne sues Magistrate Rogers for refusing to find cause for prosecution of the criminal complaints he attempted to file, for refusing to discuss the complaints with Browne via video conferencing, and for not issuing a protective order.  These actions are within the magistrate's judicial duties and as such, she is absolutely immune against Browne's claims under § 1983 for damages, based on these actions.  Therefore, the court will summarily dismiss all claims for damages against the magistrate, pursuant to § 1915A(b)(1), as legally frivolous.

Plaintiff's claims for injunctive relief also fail.  While inmates have a guaranteed right to reasonable access to both state and federal courts, Ex parte Hull, 312 U.S. 456 (1941), that right extends only to the enforcement of "personal rights in civil litigation." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard D., 410 U.S. 614, 619 (1973)). "No citizen has an enforceable right to institute a criminal prosecution" of another person or to challenge the policies of the prosecuting attorney. Id.  Under these principles, Browne cannot use a § 1983 claim for injunctive relief to obtain the rulings and investigation that he wants. The court will summarily dismiss all such claims, pursuant to § 1915A(b)(1), as legally frivolous.[2] An appropriate order will issue this day.

---

[2]  Browne simultaneously filed another civil rights action, claiming that he was denied medical treatment for injuries suffered in a fight at the jail, including a broken nose.  See Browne v. Page Co. Jail, 7:12CV00059.  In that action, Browne also attempts to raise claims concerning the magistrate's refusal to allow his criminal complaints.  Browne is hereby advised that by separate opinion and order, the criminal complaint claims will be dismissed from Case No. 7:12CV00059, and the other claims in that action will be analyzed separately.

3

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER:  This ___29th___ day of February, 2012.

Chief United States District Judge